## HEALTH PRODUCTS CORPORATION v. EX-LAX MFG. CO., Inc.

District Court, E. D. New York. November 17, 1926.

No. 2237.

**1. Patents ⬤⟹160—To determine meaning of ambiguous patent claim, resort must be had to specifications.**

Where patent claim was ambiguous and indefinite, resort must be had to specifications to determine meaning.

**2. Patents ⬤⟹157(1)—Patentee may define terms, and, regardless of common or technical meaning, court should accept his definition of words, phrases, and terms.**

Patentee may define his terms, and, regardless of any common or technical meaning, fairness to patentee requires court to accept his definition of words, phrases, and terms.

**3. Patents ⬤⟹58—Patentee was presumed to be informed of everything that preceded him.**

Patentee was presumed to be informed of everything that preceded him.

**4. Patents ⬤⟹328—1,038,227, for chewing gum containing phenolpthalein, held void for lack of invention.**

Patent No. 1,038,227, to Sulzberger, for chewing gum containing phenolpthalein, *held* void for lack of invention.

**5. Patents ⬤⟹250—To determine infringement, comparison of defendant's product must be made with claim language of patent in suit, and not with plaintiff's commercial product.**

Comparison of defendant's product must be made with claim language of patent in suit, and not with plaintiff's commercial product, in order to determine infringement.

**6. Patents ⬤⟹328—1,038,227, for chewing gum containing phenolpthalein, held not infringed.**

Since defendant did not manufacture its product by placing phenolpthalein in gum itself, as stated in plaintiff's patent No. 1,038,-227, to Sulzberger, claim 1, there was no infringement.

In Equity. Patent infringement suit by the Health Products Corporation against the Ex-Lax Manufacturing Company, Inc. Decree for defendant.

Decree affirmed 22 F.(2d) 286.

Pennie, Davis, Marvin & Edmonds, of New York City (Charles Neave, Dean S. Edmonds, and Frank E. Barrows, all of New York City, of counsel), for plaintiff.

Mayer, Warfield & Watson, of New York City (F. P. Warfield, L. A. Watson, and Irvin A. Edelman, all of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge. This is a suit for a patent infringement, brought by the Health Products Corporation, owner of Sulzberger patent, No. 1,038,227, against the Ex-Lax Manufacturing Company, for the manufacture of a chewing gum containing phenolpthalein. The title to the patent is not in dispute. The question before this court is whether the patent is valid and has been infringed.

[1] Claim 1 of the Sulzberger patent No. 1,038,227, reads: "A chewing gum containing phenolpthalein." This claim is ambiguous and indefinite. Does the claim mean that the gum center should contain phenolpthalein, or does it mean that the laxative should be placed in the sugar coating of the gum? To determine this question resort must be had to the specifications. White v. Dunbar, 119 U. S. 47, 7 S. Ct. 72, 30 L. Ed. 303; National Enameling & Stamping Co. et al. v. New England Enameling Co. (C. C. A.) 151 F. 19.

The specifications show definitely that the inventor intended to place phenolpthalein in the gum center. The specification, beginning with line 26, states:

"When such preparations are embodied, mixed in, or dissolved into a chewing gum, these preparations are, when such gum is chewed by the process of mastication, more or less rapidly extracted or separated from the gummy substance in which they were embedded, and therefore enter the stomach and intestinal tractus either in the form of a solution in saliva and secretions of the mouth, or in a more or less finely divided condition. In some instances it will be preferable to embody the substances into such gums directly; in other cases, such active substances will best be first dissolved or embodied in the form of an emulsion. In many cases, particularly when laxatives are embodied in such gumlike substances, the mixture of the saliva and other secretions of the mouth may even enhance the desired action of these preparations just by virtue of this addition."

The inventor sets forth that:

"Under the term 'gum,' 'chewing gum,' I wish to include all such materials of a gumlike nature, as, for instance, chicle, stearin, beeswax, paraffin, etc., which form a continuous gumlike mass, practically insoluble in secretions of the mouth, and of the general behavior of ordinary chewing gum when masticated."

[2] "A patentee may define his own terms, regardless of common or technical meaning, and fairness to the patentee requires the court to accept his definition of words, phrases, and terms." International Cork Co. v. New Process Cork Co. (C. C. A.) 6 F.(2d) 420.

[3] Gum-Lax, a chewing gum containing a non-bitter cascara embodied in the gum, was placed on the market in 1906. The product was on sale in many drug-stores. Advertisements appeared in the paper, stating the benefit of this laxative chewing gum. The patentee, Sulzberger, is presumed to be informed of everything that preceded him. Mast, Foos & Co. v. Stover Manufacturing Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856. It required no exercise of any inventive faculty to substitute phenolpthalein for cascara in chewing gum. Pearce v. Mulford et al., 102 U. S. 112, 26 L. Ed. 93; Florsheim v. Schilling, 137 U. S. 64, 11 S. Ct. 20, 34 L. Ed. 574.

Ex-Lax chocolate has been manufactured by the defendant since 1906. The defendant's chocolate product contained phenolpthalein embodied in the chocolate. The chocolate and gum are both inert, as far as the laxative action is concerned. There is no substantial difference in the laxative action of Ex-Lax chocolate and the plaintiff's product.

The patent to Semple, 98,304, dated December 28, 1869, is a dentifrice to be chewed to clean the teeth.

The patent to Kilbourn, 107,693, calls for a chewing gum mixed with sweet or peanut oil and balsam tolu. The claim of this patent is that it is a tobacco antidote.

The patent to Lynch, 987,003, is a chewing gum comprising bacillus bulgaricus. The gum is used to carry out the theory of buttermilk, by implanting in the intestine a flow of that bacillus.

The patent to Tyler, 83,141, is a chewing gum containing olive oil and rosin. The olive oil is used to soften the rosin as a plaster-seizing agent.

The patent to Adams, 9,152, calls for a chewing gum composed of a clarified chicle.

The patent to Sibley & Holmweed, Jr., 193,045, is a chewing gum and caramel or candy.

The patent to Sommer, 410,940, relates to a chewing gum containing benzoic sulphuride, which is a sweetening agent.

The American Druggist and Pharmaceutical Record of June 4, 1907, discusses the laxative compounds of phenolpthalein. On May 14, 1906, the American Druggist and Pharmaceutical Record discussed a phenolpthalein laxative lozenge. Many articles in Chemists and Druggists and American Druggist and Pharmaceutical Record show that drugs were incorporated in chewing gum before the Sulzberger patent.

[4] Sulzberger discovered no new purpose for phenolpthalein. It had been known as a laxative for many years. Phenolpthalein combined in the candy coating surrounding the gum produced no new and useful result. The effect of phenolpthalein is valueless when placed in chewing gum. The patent is void for lack of invention. Mast, Foos & Co. v. Stover Manufacturing Co., supra.

The patent in suit states that the phenolpthalein is to be placed in the gum center. The plaintiff's product contains one-tenth of a grain of phenolpthalein in the gum center and 1.3 in the sugar coating. The one-tenth of a grain in the gum center is not effective as a laxative. The plaintiff does not place the phenolpthalein in the gum center, because the phenolpthalein cannot be chewed out. The phenolpthalein, to be effective, is placed by the plaintiff in the sugar coating surrounding the gum. By placing the phenolpthalein in the candy coated portions surrounding the gum, the plaintiff has done the same thing that the defendant has been doing for years with its candy laxatives.

[5] If, however, the validity of the patent in suit were conceded, the evidence wholly fails to show infringement. To determine infringement, comparison of the defendant's product must be made with the claim language of the patent in suit, and not with plaintiff's commercial product. The Sulzberger patent calls for the phenolpthalein to be placed in the gum center. The defendant's chewing gum product contains phenolpthalein in candy coated portion of the gum. The plaintiff has applied for a patent for inclusion of phenolpthalein in candy coating, as distinguished from placing it in the gum center.

[6] It cannot be doubted that there must be a patentable difference between what was covered in the Sulzberger patent and what is now being asked for in the Patent Office. Cheatham Electric Switching Device Co. v. Brooklyn Rapid Transit Co. et al. (C. C. A.) 238 F. 172. Since the defendant does not manufacture its product by placing phenolpthalein in the gum itself, as stated in plaintiff's patent, it does not infringe.

A decree may be entered in favor of the defendant, dismissing the plaintiff's complaint, with costs. Settle decree on notice.